## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

TNR INDUSTRIAL DOORS, INC.,

                Plaintiff,

              v.                Case No. 2:13-cv-13815-LPZ-MJH
                                 Hon. Lawrence P. Zatkoff

PERFORMAX GROUP, LLC,
et al.,

                Defendants.
_____

## DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(3)

Defendants, through their undersigned counsel, move for the dismissal of this action for improper venue or, in the alternative, transfer of venue to a more convenient forum pursuant to Fed. R. Civ. P. 12(b)(3). The factual and legal grounds for Defendants' motion are set forth in the accompanying memorandum of law and supporting exhibits, which are incorporated herein by reference.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

1

Pursuant to Local Civil Rule 7.1(a), Defendants conferred with counsel for Plaintiff, explained the nature of this motion and its legal basis, and requested but did not obtain Plaintiffs' concurrence in the relief sought.

Respectfully submitted,

*/s/ Aaron L. Vorce*
Sherrie L. Farrell (P57205)
Aaron L. Vorce (P68797)
DYKEMA GOSSETT PLLC
Attorneys for Defendants
201 Townsend St., Ste. 900
Lansing, MI 48933
(517) 374-9100
sfarrell@dykema.com
avorce@dykema.com

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____
:
**TNR INDUSTRIAL DOORS, INC.,** :
:
**Plaintiff,** :
:
**v.** : Case No. 2:13-cv-13815-LPZ-MJH
: Hon. Lawrence P. Zatkoff
**PERFORMAX GROUP, LLC,** :
**et al.,** :
**Defendants.** :
_____ :


# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
# THEIR MOTION TO DISMISS FOR IMPROPER VENUE
# PURSUANT TO FED. R. CIV. P. 12(b)(3)

Sherrie L. Farrell (P57205)
Aaron L. Vorce (P68797)
DYKEMA GOSSETT PLLC
Attorneys for Defendants
201 Townsend St., Ste. 900
Lansing, MI 48933
(517) 374-9100
sfarrell@dykema.com
avorce@dykema.com

Dated:  October 25, 2013          Counsel for Defendants

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

**Table of Contents**

**Page**

I.    **INTRODUCTION**..................................................................................... 1

II.   **ISSUES PRESENTED** ........................................................................... 2

III.  **CONTROLLING AUTHORITY** .......................................................... 3

IV.   **FACTUAL BACKGROUND** ................................................................. 4

    A.   **The Parties.**............................................................................................... 4

    B.   **TNR's Allegations.**.................................................................................. 4

    C.   **Defendants' Lack Of Contacts With Michigan**.................................... 5

V.    **ARGUMENT** .......................................................................................... 8

    A.   **Applicable Legal Standards.** ................................................................. 9

    B.   **Venue Is Improper In This Forum.** .................................................... 11

       1.   **Venue Is Not Proper Under 28 U.S.C. § 1400(b).** .................... 11

       2.   **Venue Is Not Proper Under 28 U.S.C. § 1391.** ......................... 12

    C.   **The Eastern District Of Pennsylvania Is An Available And Proper Forum For The Adjudication Of TNR's Claims**.............. 14

VI.   **CONCLUSION** ..................................................................................... 15

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

# Table of Authorites

**Page**

**Cases**

*Audi AG & Volkswagen of Am., Inc. v. Izumi,*
  204 F. Supp. 2d 1014 (E.D. Mich. 2002) ................................................................. 9

*First of Mich. Corp. v. Bramlet,*
  141 F.3d 260 (6th Cir.1998) ...................................................................................... 10

*Goldawr, Inc. v. Heiman,*
  369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) ................................... 10, 14

*IFL Group Inc. v. World Wide Flight Service, Inc.,*
  306 F.Supp.2d 709 (E.D. Mich. 2004) ................................................................. 9

*Kerobo v. Southwestern Clean Fuels Corp.,*
  285 F.3d 531 (6th Cir.2002) ...................................................................................... 9

*Whipstock v. Raytheon Co.,*
  Civ. No. 07-11137, 2007 WL 2318745 (E.D. Mich. Aug. 10, 2007) .......... 9

**Statutes**

28 U.S.C. § 1391(b) .......................................................................................................10, 12

28 U.S.C. § 1406 .................................................................................................................. 8

28 U.S.C. § 1406(a) ........................................................................................................... 9

28 U.S.C. §§ 1391, 1400 and 1406 ........................................................................... 3

**Rules**

Fed. R. Civ. P. 12 ............................................................................................................... 3

Fed. R. Civ. P. 12(b)(2) ................................................................................................ 11

ii

# I.    <u>INTRODUCTION</u>

Plaintiff TNR Industrial Doors, Inc. ("TNR") contends that Defendants' manufacture and sale of rubber roll-up doors infringes U.S. Patent No. 7,516,770 (the "'770 patent"), which TNR claims to own.  TNR also claims that, by competing with TNR in the sale of rubber roll-up doors, defendant Gilbert Markham has violated some contractual and/or fiduciary duty that he purportedly owed to TNR as an "exclusive dealer" of TNR products.

Setting aside the factual accuracy and legal merit of Plaintiff's allegations (which Defendants strongly dispute), Plaintiff's claims should not be heard in this forum.  None of the parties to this dispute resides in Michigan and, indeed, this Court lacks personal jurisdiction over at least one defendant, Mr. Markham.  Moreover, the activities relating to TNR's claims did not take place in Michigan.  TNR's Complaint should accordingly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN  48933

1

## II.    <u>**ISSUES PRESENTED**</u>

Whether venue is improper in this Court given that no party resides in this judicial district, at least one defendant is not subject to personal jurisdiction in this district, and the alleged acts giving rise to Plaintiffs' claims did not occur in this district.

### III.   CONTROLLING AUTHORITY

The controlling authority for Defendants' motion to dismiss for improper venue or, in the alternative, to transfer to a more convenient forum is Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. §§ 1391, 1400 and 1406, and jurisprudence from the United States Supreme Court and United States Court of Appeals for the Federal Circuit construing and applying those authorities.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

## IV.   FACTUAL BACKGROUND

### A.   The Parties.

Plaintiff TNR is a Canadian company that makes and sells commercial doors, including rubber doors.  *See* Complaint ("Compl.") ¶¶ 1, 8.  Defendant Allmark is a New Jersey company with a principal place of business in Aston, Pennsylvania. Declaration of Gilbert Markham ("Markham Decl.") at ¶ 8 (appended hereto as Exhibit 1).[1]  Allmark installs and services commercial doors of various types in and around Pennsylvania and New Jersey, and has done so since its founding in 1993.  *Id.* at ¶ 8. Defendant PerforMax is a Pennsylvania company with its principal place of business in Aston, Pennsylvania.  *Id.* at ¶ 9.  PerforMax makes and sells the accused rubber doors at issue in this suit, and has done so since its formation in or around January 2013.  *Id.*  Defendant Gilbert Markham is an individual who lives in Delaware County, Pennsylvania.  Compl. ¶ 3; Markham Decl. ¶ 2.  Mr. Markham is a founder, and the managing partner, of Allmark and PerforMax.  Markham Decl. ¶¶ 8-9.

### B.   TNR's Allegations.

TNR alleges that Defendants have infringed the '770 patent by making and selling rubber doors.  TNR also alleges that, for a period of three

---

[1] An executed copy of Mr. Markham's Declaration was not available at the time of this filing but will be submitted under separate cover.

4

years, Mr. Markham served as a "dealer" for TNR, purportedly tasked with selling TNR's rubber doors in a territory "in and around Philadelphia, Pennsylvania," and that he breached a purported fiduciary and/or contractual duty to TNR by serving as the managing partner of Allmark and/or PerforMax in connection with their manufacture and sale of competing, and allegedly infringing, rubber doors.  Complaint. at ¶¶ 11-12.

## C.    Defendants' Lack Of Contacts With Michigan.

Gilbert Markham, a Pennsylvania resident, founded Allmark in 1993. Markham Decl. ¶8.  He is Allmark's managing partner.  *Id.*  For twenty years, Allmark has installed and serviced commercial doors in and around Pennsylvania and New Jersey.  *Id.* Allmark does not install or service, and has not installed or serviced, commercial doors in Michigan.  *Id.* at ¶ 13.

In 2012, Allmark considered expanding its operations into the manufacture of commercial doors.  Allmark selected a new brand name, "PerforMax," to distinguish that business from its traditional installation and servicing work.  *Id.* at ¶ 10.   Allmark designed and developed its industrial door products from its Aston, Pennsylvania facility, working with a consultant based in Germany.  *Id.* at ¶ 27.

From about April 2012 to December 2012, Allmark maintained a Michigan mailing address for its "PerforMax"-branded manufacturing

5

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

business. *Id.* at ¶ 10.   For roughly three months in that same time period, Allmark hired an employee who was located in Michigan to promote "PerforMax" branded products.   *Id.* at ¶ 11.   That employee's sales calls may have included contacts in Michigan, as well as other states.   *Id.*   During that period of time, Allmark did not sell a single accused door in Michigan. Allmark did not purchase or lease any real property in Michigan, did not open any bank accounts in Michigan and did not hold any assets in Michigan. *Id.* at ¶ 9.   Allmark received approximately two to three pieces of mail at its Michigan mailing address.   *Id.* at ¶ 10.   Allmark neither has nor ever has had any facilities in Michigan.

After a few months of manufacturing endeavors, Allmark discontinued those operations and returned to an exclusive focus on its installation and service work in and around Pennsylvania and New Jersey. *Id.*

Mr. Markham, with his brother, Andrew Markham (a resident of Warren, New Jersey), founded PerforMax as a separate company to engage in the manufacture and sale of commercial doors.   *Id.* at ¶¶ 9-10.   They formed the company in or around July 2012, and it commenced operations effective January 1, 2013. *Id.*   PerforMax initially assumed the Michigan mailing address that Allmark had maintained, but conducted no business

6

through that mailing address and discontinued its use in or around June 2013. *Id.* at ¶ 10. From its inception, PerforMax has conducted its manufacturing and sales operations from its Aston, Pennsylvania facility. *Id.* at ¶ 9. PerforMax neither has nor ever has had any facilities in Michigan.

Mr. Markham has never directed any personal activity toward Michigan. He has visited Michigan in his personal capacity fewer than ten times in his life. Markham Decl., ¶ 7. He has not transacted any personal business within the State of Michigan. *Id.* at ¶ 6. He has not done or caused an act to be done, or consequences to occur, in Michigan resulting in an action for tort. *Id.* He has never owned, used or possessed real or tangible personal property situated within Michigan. *Id.* at ¶ 3. He has never contracted to insure a person, property, or risk located within Michigan. *Id.* at ¶ 5 He has never personally entered into a contract for services to be rendered or for materials to be furnished in Michigan. *Id.* at ¶ 6 Mr. Markham is not a director, manager, trustee or other officer of any company incorporated in, or with a principal place of business in, Michigan. *Id.* He has not maintained a domicile in Michigan while subject to a marital or family relationship which is the basis of a claim for divorce, alimony,

7

separate maintenance, property settlement, child support or child custody. *Id.* at ¶ 4.

Mr. Markham's only contacts with Michigan (apart from his handful of personal visits) have been in his capacity as a managing partner of Allmark and PerforMax. The contacts of Allmark and PerforMax with Michigan have been limited, as noted above. Mr. Markham personally has made just one business trip to Michigan, in June 2013, to meet on behalf of PerforMax with potential distributors for PerforMax products. *Id.* at ¶ 15. To date PerforMax has generated no business as a result of that trip. *Id.*

## V.    ARGUMENT

Venue is improper in this judicial district. None of the defendants resides in Michigan, none of the defendants has a regular and established place of business in Michigan and, indeed, at least one of the defendants – Gilbert Markham – is not even subject to personal jurisdiction in this forum. Moreover, the alleged events giving rise to TNR's claims occurred outside of Michigan. This action accordingly should be dismissed for improper venue pursuant to 28 U.S.C. § 1406. In the alternative, venue may be transferred to a forum where all defendants can be found and which has more significant contacts with the parties' dispute. That forum is the Eastern District of Pennsylvania, where Mr. Markham resides, where both Allmark

8

and PerforMax have their principal places of business, and where PerforMax

makes and sells the accused doors at issue.

### A. Applicable Legal Standards.

A party may move to dismiss an action when a case has been filed in

an improper venue. Fed. R. Civ. P. 12(b)(3).  "Although Rule 12(b)(3)

permits a party to move to dismiss where venue is improper, 'the rules of

Civil Procedure do not contain any venue provisions or requirements.'

Rather, the requirements for venue are set forth by statute."  *Whipstock v.*

*Raytheon Co.,* Civ. No. 07-11137, 2007 WL 2318745, at *1 (E.D. Mich.

Aug. 10, 2007) (quoting *Kerobo v. Southwestern Clean Fuels Corp*., 285

F.3d 531, 538 (6th Cir.2002))  (copy appended hereto as Exhibit 2).

Courts in this district are split as to which party bears the burden of

proof on a motion to dismiss for improper venue.  *Compare Audi AG &*

*Volkswagen of Am., Inc. v. Izumi,* 204 F. Supp. 2d 1014, 1017 (E.D. Mich.

2002) (plaintiff has burden of proving proper venue) *and Whipstock,* 2007

WL 2318745, at *1 (same) *with IFL Group Inc. v. World Wide Flight*

*Service, Inc.,* 306 F.Supp.2d 709, 711 (E.D. Mich. 2004) (defendant has

burden of proving improper venue).

Regardless, as the *Whipstock* court explained:

If a defendant prevails on a Rule 12(b)(3) challenge, the district
court has discretion to dismiss the case or transfer it in the

9

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

> interest of justice to an appropriate court.  If a transfer is made,
> it should be "to any district or division in which [the case]
> could have been brought." 28 U.S.C. § 1406(a). The choice as
> to which of these two options is appropriate is within the
> district court's sound discretion. *First of Mich. Corp. v.
> Bramlet*, 141 F.3d 260, 262 (6th Cir.1998). Generally, the
> "interest of justice" requires courts to transfer cases to the
> appropriate judicial district, rather than to dismiss them.
> *Goldawr, Inc. v. Heiman*, 369 U.S. 463, 466-67, 82 S.Ct. 913, 8
> L.Ed.2d 39 (1962).

*Id.*

In this case, venue for TNR's patent infringement claim is governed
by 28 U.S.C. §  1400(b), which provides that venue for a patent infringement
case may be established either:   (a) in the judicial district where the
defendant resides; or (b) where the defendant has committed acts of
infringement *and* has a regular and established place of business.   28 U.S.C.
§  1400(b) (emphasis added).

Venue for TNR's so-called "unfair competition" claim is governed by
the general venue statute, which provides in pertinent part that venue for
cases filed in federal court may be brought in:  (a) a judicial district in which
any defendant resides, if all defendants are residents of the State in which
the district is located; or (b) a judicial district in which a substantial part of
the events or omissions giving rise to the claim occurred, or a substantial

part of property that is the subject of the action is situated. 28 U.S.C. § 1391(b).

This Court is not an appropriate forum for TNR's claims under either statute.

**B.     Venue Is Improper In This Forum.**

**1.     Venue Is Not Proper Under 28 U.S.C. § 1400(b).**

To establish venue under the patent venue statute, 28 U.S.C. § 1400(b), TNR must show that either: (a) Defendants reside in this judicial district; or (b) Defendants have committed acts of infringement *and* have a regular and established place of business in this judicial district. 28 U.S.C. § 1400(b) (emphasis added). TNR cannot make either showing.

None of the defendants resides in this judicial district (or in any district in Michigan). Defendant Markham is a Pennsylvania resident with no ties to Michigan who is not even subject to personal jurisdiction in this forum. *See* Motion of Defendant Gilbert Markham to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) ("Markham Motion"), filed concurrently herewith. Defendant Allmark is a New Jersey company with its principal place of business in Pennsylvania. Defendant PerforMax is a Pennsylvania company with its principal place of business in Pennsylvania.

11

Moreover, even if TNR could allege acts of purported infringement in this judicial district, it cannot show that any defendant has a "regular and established place of business" here.  On the contrary, neither Allmark nor PerforMax has ever maintained a physical presence in this district.  At most, for a brief period of time they used a Michigan mailing address, but received just a few pieces of correspondence at that address before ceasing its use months ago.  At all times, Allmark and PerforMax have maintained their physical presence in, and conducted their operations from, Pennsylvania and New Jersey.

TNR accordingly cannot establish venue in this judicial district under the patent venue statute.

**2.      Venue Is Not Proper Under 28 U.S.C. §  1391.**

TNR similarly cannot establish venue in this judicial district under the general venue statute.  The general venue statute authorizes venue only in: (a) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (b) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.  28 U.S.C. §  1391(b).

12

Here, TNR's only claim that is subject to a general venue analysis is its claim for "unfair competition" against defendant Gilbert Markham, who is not even subject to personal jurisdiction in this forum and certainly does not reside in this forum. *See generally* Markham Motion. There is no property located in this district that is the subject of any TNR claim. And none of the events giving rise to TNR's "unfair competition" claim against Mr. Markham occurred in this district.

TNR's claim against Mr. Markham arises out of the following alleged events: (a) Mr. Markham's purported role as a "dealer" for TNR, a Canadian company, to sell TNR doors in and around Philadelphia, Pennsylvania; (b) Mr. Markham's alleged visit to TNR's facility in Canada to see how TNR doors are made; (c) Mr. Markham's purported dealings with a German entity to design competing doors; and (d) Mr. Markham's role as general partner of two Pennsylvania-based companies, Allmark and PerforMax, which allegedly sell the accused doors at issue in this suit. In asserting its "unfair competition" claim against Mr. Markham, TNR does not allege a single event relating to that claim that took place in Michigan, much less allege that "a substantial part of the events or omissions giving rise to" the claim occurred in this judicial district.

13

TNR accordingly cannot establish venue for its "unfair competition" claim against Mr. Markham under the general venue statute.

### C.   The Eastern District Of Pennsylvania Is An Available And Proper Forum For The Adjudication Of TNR's Claims.

Because venue for TNR's claims is not proper in this judicial district under either the patent venue or general venue statutes, this Court should dismiss TNR's Complaint pursuant to Fed. R. Civ. P. 12(b)(3).  If, however, this Court should choose instead to exercise its discretion to transfer venue to another forum rather than dismiss TNR's Complaint outright, an alternate forum is available:  the Eastern District of Pennsylvania, where all three defendants reside and where defendant PerforMax makes and sells its accused doors.  That judicial district thus is a proper venue for TNR's claims under either the patent venue or general venue statutes.[2]

---

[2] Defendants note that a transfer of venue to the Eastern District of Pennsylvania would obviate the need for this Court to decide Mr. Markham's motion to dismiss for lack of personal jurisdiction.  *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, (1962).

14

## VI.    **CONCLUSION**

WHEREFORE, for all the foregoing reasons, Defendants respectfully request that this Court enter an Order dismissing Plaintiffs' Complaint on grounds of improper venue or, in the alternative, transferring venue to the United States District Court for the Eastern District of Pennsylvania, and awarding Defendants such other and further relief, including costs and attorneys' fees to the extent permitted by law, as this Court may deem proper.

Respectfully submitted,

*/s/ Aaron L. Vorce*
Sherrie L. Farrell (P57205)
Aaron L. Vorce (P68797)
DYKEMA GOSSETT PLLC
Attorneys for Defendants
201 Townsend St., Ste. 900
Lansing, MI 48933
(517) 374-9100
sfarrell@dykema.com
avorce@dykema.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 25, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record. I hereby certify that I have mailed by United States Postal Service the same to any non-ECF participants.

*/s/ Aaron L. Vorce*
Sherrie L. Farrell (P57205)
Aaron L. Vorce (P68797)
DYKEMA GOSSETT PLLC
Attorneys for Defendants
201 Townsend St., Ste. 900
Lansing, MI 48933
(517) 374-9100
sfarrell@dykema.com
avorce@dykema.com

16