# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**TNR INDUSTRIAL DOORS, INC.**, a
Canadian corporation,

    Plaintiff,

v.

**PERFORMAX GROUP, LLC,
ALLMARK DOOR COMPANY, LLC,
and GILBERT MARKHAM,**

    Defendants.

Case No. 13-cv-13815

Hon. Lawrence P. Zatkoff

---

| | |
|---|---|
| Thomas N. Young (P22656) | Sherrie L. Farrell (P57205) |
| Michael M. Jacob (P15391) | Aaron L. Vorce (P68797) |
| Young Basile Hanlon & MacFarlane, PC | Dykema Gossett PLLC |
| 3001 W. Big Beaver Road, Suite 624 | 201 Townsend St., Suite 900 |
| Troy, MI 48084 | Lansing, MI 48933 |
| (248) 649-3333 / (248) 649-3338 Fax | (517) 374-9100 |
| young@youngbasile.com | sfarrell@dykema.com |
| jacob@youngbasile.com | avorce@dykema.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

---

# PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' RULE 12(b)(3) MOTION TO DISMISS FOR IMPROPER VENUE

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. CONCISE STATEMENT OF THE ISSUES PRESENTED......................1

III. CONTROLLING AUTHORITY...............................................................2

IV. COUNTERSTATEMENT OF CONTROLLING FACTS.........................3

V. ARGUMENT.................................................................................................5

  A. Allmark has Committed Acts of Direct Infringement in the State of Michigan; this makes the Eastern District of Michigan the Proper Venue for this Case under both 28 USC §§ 1391 and 1400(b). .....................................................5

  B. PerforMax is the Successor to Allmark insofar as the Manufacture and Sale of Accused Rubber Doors is Concerned and is also Subject to Suit for Infringement in the State of Michigan...................................................................7

  C. Markham is the Person who directed the Corporate Defendants to Commit Tortious Acts and Facilitated Such Acts; as such, he is Liable for infringement under 35 USC § 271(b) (inducement). Further, he is likely the Alter Ego of Both Allmark and PerforMax; as such, he is Subject to Personal Jurisdiction for Suit in the State of Michigan along with the Corporate Entities........................................8

VI. CONCLUSION..........................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Hoover Group v Custom Metalcraft, Inc.*,
    84 F.3d 1808 (Fed. Cir. 1999) ...................................................................................2

*Minnesota Mining & Mfg. Co. v Detroit Chem. Inc.*,
    757 F.2d 1256 (Fed. Cir. 1985) ..................................................................................2

*North Amer. Philips Corp v Amer. Vending Sales, Inc.*,
    35 F.2d 1576 (Fed. Cir. 1994) ...................................................................................3

*North Amer. Philips v Amer. Vending Sales, Inc.*,
    35 F.3d 1576 (Fed. Cir. 1994) ...................................................................................7

*Power Lift, Inc. v Lang Tools, Inc.*,
    774 F.2d 478 (Fed. Cir. 1985) ...................................................................................2

*VE Holding Corp. v Johnson Gas Appl. Co.*,
    917 F.2d 1574 (Fed. Cir. 1990) ...............................................................................2, 6

**Statutes**

28 USC § 1338 ................................................................................................................5, 8

28 USC § 1391 ............................................................................................................1, 2, 5

28 USC § 1400(b) .....................................................................................................1, 2, 5, 9

28 USC § 1404 ................................................................................................................5, 9

35 USC § 271 ............................................................................................................2, 5, 6, 8

**I.     INTRODUCTION**

Plaintiff hereby opposes the entirety of Defendants' Motion under Rule 12(b)(3) to Dismiss for Improper Venue.

Plaintiffs show herein that the alleged and admitted facts provide more than adequate support for Plaintiffs' choice of venue for this case and, further, that the two foundational arguments made Defendants, namely, that (1) no material acts forming the basis for the suit occurred in Michigan, and (2) 28 USC § 1400(b) is the *only* applicable statute for patent cases, are completely false.

**II.    CONCISE STATEMENT OF THE ISSUES PRESENTED**

1. Whether any material acts giving rise to the litigation; e.g., the commission of an act of infringement, took place within the State of Michigan and particularly within the Eastern District of Michigan; Plaintiff says "YES" and shows that an at least one act of infringement occurred within the Eastern District of Michigan;

2. Whether 28 USC § 1400(b) is the only applicable venue statute for the patent count; Plaintiff says "NO"; the General Venue Statute 28 USC § 1391 has applied to patent cases since 1988 and is fully satisfied by facts not in dispute; and

3. Whether the personal Defendant, Gilbert Markham, is subject to personal jurisdiction in Michigan; Plaintiff says "YES" but notes that

this is the subject of a separate motion which will be separately answered.

### III. CONTROLLING AUTHORITY

A. *VE Holding Corp. v Johnson Gas Appl. Co.*, 917 F.2d 1574 (Fed. Cir. 1990) holds that, since 1988, the General Venue Statute, 28 USC § 1391, controls corporate venue in patent infringement actions and greatly broadens the venue choices previously available under 28 USC § 1400(b);

B. Venue is determined on the basis of the facts alleged in the Complaint, in addition to those admitted by the Defendants; *Hoover Group v Custom Metalcraft, Inc.*, 84 F.3d 1808 (Fed. Cir. 1999);

C. Venue which is proper as to a corporation may also be proper as to individuals who are alter egos of the corporation as well as to successor corporations; *Minnesota Mining & Mfg. Co. v Detroit Chem. Inc.*, 757 F.2d 1256 (Fed. Cir. 1985);

D. 35 USC § 271(a) provides that acts of infringement include not only selling an infringing product, but also *offering* an infringing product for sale; *Power Lift, Inc. v Lang Tools, Inc.*, 774 F.2d 478 (Fed. Cir. 1985) relies on 35 USC § 271(b) to make corporate officers liable for infringement on an *inducement* basis;

E. It is the location of the tort that determines jurisdiction and venue even if the injury is felt elsewhere; *North Amer. Philips Corp v Amer. Vending Sales, Inc.*, 35 F.2d 1576 (Fed. Cir. 1994).

## IV. COUNTERSTATEMENT OF CONTROLLING FACTS

1. Defendant Allmark was founded in 1993 as a New Jersey company with its principal place of business in Aston, Pennsylvania; Defendants' Brief, page 4; Markham Decl. ¶ 8.

2. Although Allmark sold and installed "a variety" of doors from its founding in 1993, there is no showing or allegation that it made or sold roll-up *rubber* doors, the subject matter of this litigation, until *after* Mr. Markham's association with Plaintiff, Markham Decl. ¶¶ 8, 9. Rather, Defendants' manufacturing and sales of *rubber* doors did not start until April 2012; Markham Decl. ¶ 10.

3. From about April, 2012 to December, 2012, Allmark, doing business as "PerforMax", established an address in Michigan and hired an employee in Michigan to promote the sale of PerforMax rubber doors. That employee made sales calls to prospective customers in Michigan; Brief, pages 5 and 6; Markham Decl. ¶ 11; Markham himself made a "business trip" to Michigan to meet with a distributor; Markham Decl. ¶ 15;

4. PerforMax was established to manufacture rubber doors and has done so since January 2013; this was done to allow Allmark to concentrate on installation and service work; Markham Decl. ¶¶ 9, 10;

5. Allmark maintained an address in Michigan for roughly three months in 2012 for the purpose of promoting the sale of PerforMax rubber doors; Markham Decl. ¶ 11; Brief p. 6;

6. Allmark engaged in "manufacturing endeavors" for a few months in 2012 but discontinued those operations in order to focus on installation and service work; Brief in Support of Motion to Dismiss as to Markham; p. 6. This at least implies that these "manufacturing endeavors" were carried out at the PerforMax facility in Michigan.

7. PerforMax Group, LLC is the successor to Allmark in the manufacture and sale of rubber doors; Markham Decl.¶¶ 9, 10; Brief p. 4;

8. Gilbert Markham is the founding and managing partner of both Allmark and PerforMax; Brief, p. 4, Markham Decl. ¶¶ 8 and 9;

In summary, the corporate Defendants have had, between them, a relevant physical presence in Madison Heights, Michigan, hired a Michigan resident as an employee assigned to sell infringing doors, and have committed at least one act of

in infringement under 35 USC § 271(a) in Michigan. Accordingly, the general venue statutes, 28 USC § 1391(b)(2) and (c)(2) and (d) are fully satisfied.

Plaintiffs believe that early and specific discovery will show that Mr. Markham is personally subject to the jurisdiction of this Court; there is statutory authority for the proposition that he has personally committed acts of infringement and may well be the alter ego of both Allmark and PerforMax. This matter will be taken up in more detail in the companion Brief in Opposition. Plaintiff also notes that while Defendants have suggested that the Court might transfer the case to the Eastern District of Pennsylvania, they have <u>not</u> moved or argued for transfer under 28 USC § 1404.

## V.   ARGUMENT

   A.   Allmark has Committed Tortious Acts of Direct Infringement in the State of Michigan; this makes the Eastern District of Michigan the Proper Venue for this Case under both 28 USC §§ 1391 <u>and</u> 1400(b).

Defendants raise no issue over *subject matter* jurisdiction in this Court under 28 USC § 1338(a), the statute that gives the Federal District Courts *exclusive* jurisdiction over patent cases. Also relevant (and omitted from Defendants' presentation) is the further fact that § 1338(b) expressly provides *pendant* jurisdiction for claims of unfair competition to the extent that they are related to the patent count.

With respect to venue, Defendants err in alleging on page 10 of their Brief that " … venue for TNR's patent infringement claim is *governed* by 28 USC § 1400(b) … " (emphasis supplied). Since 1988, the general venue statute, 28 USC § 1391 provides venue for patent infringement cases anywhere there is jurisdiction over the defendant(s) and/or a substantial part of the events giving rise to the claim occurred. *VE Holding Corp. v Johnson Gas Appl. Co.*, 917 F.2d 1574 (Fed. Cir. 1990). Thus, the corporate defendants can be sued in Michigan because they have substantial contacts with the state and have committed at least one tortious act (infringement) here.

A second major error in Defendant's presentation to the Court is the repeated allegation that neither corporation made an actual sale of an infringing rubber door in Michigan despite attempts to do so. The pertinent *facts* are that Allmark, *through a hired employee*, made what Defendants themselves describe as offers for sale of infringing doors to potential customers in the State of Michigan. See the Declaration of Defendant Gilbert Markham at ¶ 11 and the reiteration of this fact on pages 5 and 6 of Defendant's Brief. Under 35 USC § 271(a), such offers are in and of themselves tortious acts of direct infringement. Defendants also admit a brief period of "manufacturing endeavors" in Michigan that could only be related to rubber doors; see Statement of Facts, Nos. 6-8. This, too, is an act of direct infringement under § 271(a).

The import of these facts is substantial: Defendant Allmark had a pertinent physical presence in Michigan; Defendant Allmark had an employee engaged in pertinent activities in the State of Michigan; and Markham himself was in Michigan for pertinent business purposes. The entire argument found on pages 7 and 8 of Defendant's Brief regarding venue falls apart when the facts *as Defendant Markham has admitted them* are examined in even a cursory fashion. It matters not that no sales were made as a *direct* result of the activities in Michigan; *North Amer. Philips v Amer. Vending Sales, Inc.*, 35 F.3d 1576 (Fed. Cir. 1994).

In summary, the facts which determine the outcome of this Motion show that the Defendant Allmark committed acts of direct infringement within this Judicial District by making and offering for sale accused, infringing doors for a significant period of time. The corporate Defendant Allmark fully satisfies the general venue statute.

> B. PerforMax is the Successor to Allmark insofar as the Manufacture and Sale of Accused Rubber Doors is Concerned and is also Subject to Suit for Infringement in the State of Michigan.

The genesis of the accused acts of infringement; i.e., making and offering rubber doors for sale, was in Michigan. The public identity of the entity behind those acts from April 2012 to December 2012 was "PerforMax" as a d/b/a for Allmark. That corporate identity was carried over to the New Jersey LLC when it was formed by the principals of Allmark in January 2013 to carry on the same

activities that were begun here in Michigan. This confers jurisdiction for both corporations and makes venue proper as to both Allmark and PerforMax. *North Amer. Philips Corp. v Amer. Vending Sales, Inc.*, 35 F.3d 1576 (Fed. Cir. 1994).

> C. Markham is the Person who directed the Corporate Defendants to Commit Tortious Acts and Facilitated Such Acts; as such, he is Liable for infringement under 35 USC § 271(b) (inducement). Further, he is likely the Alter Ego of Both Allmark and PerforMax; as such, he is Subject to Personal Jurisdiction for Suit in the State of Michigan along with the Corporate Entities.

To begin with, the count for unfair competition is directed substantially entirely toward Gilbert Markham. Under 28 USC § 1338(b), there is pendant *subject matter* jurisdiction for this count wherever the patent count fits.

Further, Mr. Markham is liable to Plaintiff for patent infringement by *inducement* under 35 USC § 271(b). Finally, Mr. Markham may well be the alter ego of both corporate Defendants, a matter that may require further development via discovery, requested in Plaintiff's response to the companion motion under Rule 12(b)(2).

Defendants admit that Defendant Gilbert Markham is the founder and managing partner of both corporate Defendants; Dec. ¶¶ 8-9; Brief p. 4. While this alone may not make Markham the alter ego of the corporation, there is statutory basis for holding corporate officers and owners liable for acts of patent infringement they direct the corporations to commit; see Plaintiff's Brief in Opposition to the companion motion, especially the section dealing with

*inducement* under 35 USC § 271(b). There is no indication in Defendants' recitation of facts that anyone *other than* Gilbert Markham "called the shots" as far as the infringing acts are concerned. Moreover, Gilbert Markham is the *only* corporate officer/partner/founder with a history with Plaintiff. This clearly suggests that it was Gilbert Markham who caused the corporate Defendants to enter the business of selling rubber doors and to commit acts of direct infringement.

Plaintiff believes that the jurisdictional and venue issues with respect to Gilbert Markham are best treated in Plaintiff's response to the companion motion.

## VI. CONCLUSION

Plaintiff shows herein that the corporate Defendant Allmark committed acts of direct infringement in Michigan and that venue is governed by the general venue statute, not by the more restrictive provisions of 28 USC § 1400(b). The suit against the other defendants also belongs here in Michigan as a result of their relationship to Allmark and/or their own individual acts within the state. Defendants' Rule 12(b)(3) Motion should be denied.

Plaintiff further notes that while Defendants have suggested the Court might order a transfer to Pennsylvania, they have made no motion based on 28 USC § 1404.

Dated:  November 22, 2013			Respectfully submitted,

                                             */s/ Thomas N. Young*
                                             Thomas N. Young (P22656)
                                             Michael M. Jacob (P15391)
                                             Young Basile Hanlon & MacFarlane, PC
                                             3001 W. Big Beaver Road, Suite 624
                                             Troy, Michigan 48084
                                             (248) 649-3333 / (248) 649-3338 Fax
                                             *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 22, 2013, he caused the foregoing **Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss Under Rule 12(b)(2)** to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

                                             By:   /s/  Thomas N. Young