**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


TNR INDUSTRIAL DOORS, INC.,

       Case No. 13-13815

      Plaintiff,                          Hon. Lawrence P. Zatkoff

v.

PERFORMAX GROUP, LLC, ALLMARK
DOOR COMPANY, LLC, and GILBERT
MARKHAM,

      Defendants.

_____/


**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 17, 2014.

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE


**I.  INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss for Improper Venue

[dkt. 12] and Defendant-Gilbert Markham's Motion to Dismiss for Lack of Personal Jurisdiction

[dkt. 13].  Plaintiff filed responses to both motions.[1]  Despite having ample time to do so,

Defendants have not filed a reply to either of Plaintiff's responses.  The Court finds that the facts

and legal arguments are adequately presented in the parties' papers such that the decision process

would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R.

7.1(f)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted, without

---

[1] Plaintiff's responses to Defendants' motions were filed after the filing deadline had lapsed.  In finding that Defendants will not be unfairly prejudiced, and in the interests of justice, the Court will consider the merits of Plaintiff's untimely responses to the instant motions.

oral argument.  For the following reasons, the entire matter is HEREBY TRANSFERRED to the United States District Court for the Eastern District of Pennsylvania.

## II. FACTUAL BACKGROUND

On September 6, 2014, TNR Industrial Doors, Inc. ("Plaintiff"), a Canadian corporation, commenced this patent infringement suit against PerforMax Group, LLC ("PerforMax"), a Pennsylvania limited liability company with a principal place of business in Pennsylvania, Allmark Door Company, LLC ("Allmark"), a New Jersey limited liability company with a principal place of business in Pennsylvania, and Gilbert Markham (Markham), a Pennsylvania resident.  Markham is a founder and the managing partner of both PerforMax and Allmark.

Plaintiff manufactures and sells roll-up rubber doors suitable for industrial use.  The doors, which are characterized by a flexible rubber construction, are complimented by side edge guide rails and locking mechanisms designed to release the door from the wall in the event of contact by vehicles or heavy machinery.  Plaintiff claims that the doors are covered by U.S. Patent 7,516,770 ("Patent 770").  Plaintiff also claims to own additional proprietary and confidential information used to manufacture and sell the doors.  Plaintiff further alleges that Markham was a dealer for the roll-up doors manufactured by Plaintiff, working in that capacity in the Philadelphia, Pennsylvania region for approximately three years.  Plaintiff alleges that Markham sold more than 20 doors in his capacity as a dealer for Plaintiff, and that this arrangement provided Markham with access to the aforementioned proprietary information regarding the manufacturing and sales processes of the roll-up doors relating to Patent 770.

In Paragraphs 12, 13 and 14 of its First Amended Complaint, Plaintiff describes its relationship with Markham, Markham's relation to PerforMax and Allmark, and the specific factual allegations giving rise to Plaintiff's claims:

12.     It was understood as between TNR and Gilbert Markham that (a) he was not to sell or represent any roll-up rubber doors other than those made by TNR, (b) not to compete with other TNR dealers outside of his territory, [and] (c) not to use any of the information of TNR, conveyed to him in confidence, to compete with or injure TNR in any way.  Notwithstanding this agreement, during the time Defendant Gilbert Markham was acting as a dealer for TNR, and without informing the principles of TNR, Mr. Markham and his brother, Andrew Markham,[2] conspired to compete with TNR and did, in fact, compete with TNR in the sale of roll-up rubber industrial doors made by others to customers both within and outside of Markham's territory.  In particular, and while still purporting to represent TNR, Gilbert Markham did form and establish Defendants PerforMax and Allmark for the purpose of making, acquiring and selling rubber doors in direct competition with TNR.  In addition, Gilbert and Andrew Markham caused to be printed and circulated by mail and/or by internet certain advertising materials for rubber doors and purporting to have a place of business at 531 Ajax Drive in Madison Heights, Michigan[;]

13.     On information and belief, Gilbert Markham conveyed TNR's proprietary manufacturing information to a German company by the name of "Hentschel" for the purpose of enabling Hentschel to manufacture door guides and lock mechanisms similar to and within the coverage provided by the '770 patent.  Defendants Gilbert Markham, PerforMax and Allmark made and sold infringing doors to existing customers and potential customers of TNR including, but not limited to, Y & S Candies, Inc. of Lancaster, Pennsylvania.   Defendant Markham actively induced the corporate defendants to commit acts of infringement in this judicial district and elsewhere.

14.     On information and belief, Defendants PerforMax and Allmark, under the guidance and control of Gilbert Markham, have solicited and made sales

---

[2] Andrew Markham is not a party to this suit.

3

of a number of roll-up doors which infringe the '770 patent and/or were made with the benefit of proprietary and confidential technical information obtained by Gilbert Markham from TNR during his term of employment therewith.  Of these, at least 32 doors were believed to have been sold by the [Markham's] and their companies to Y & S Candies, Inc. of Lancaster, Pennsylvania.  On information and belief, some of such sales were made while Gilbert Markham was still a TNR dealer and, therefore, were an unlawful conversion of certain door sale opportunities generated by other TNR dealers.  On information and belief, such conversion was made without informing the principals of Y & S Candies, Inc. that a change in door supplier was being made and, in that regard, may have deceived Y & S Candies, Inc. as to the source of the doors sold.  Such sales have damaged TNR in various ways including loss of sales revenues and damage to relations with other dealers.

In its First Amended Complaint, Plaintiff alleges one count of patent infringement and one count of unfair competition.  Plaintiff requests, among other things, that this Court find that Patent 770 was infringed, enjoin Defendants from further infringing Patent 770 and from further misappropriating Plaintiff's proprietary information and business opportunities, freeze all of Defendants' assets, and award treble damages resulting from Defendants' alleged wrongful acts.

### III. DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE

Defendants claim that, as venue for patent infringement actions is governed by 28 U.S.C. §1400(b), this forum is not an appropriate venue because none of the Defendants reside in, or have regular and established places of business in, the Eastern District of Michigan.  Therefore, Defendants seek dismissal pursuant to 28 U.S.C. §1406 or, in the alternative, the transfer of this matter to the Eastern District of Pennsylvania.  According to Plaintiff, however, venue for patent infringement claims is governed by §1400(b) *and* 28 U.S.C. §1391, and venue is proper under those provisions in this District.

4

**A.  LEGAL STANDARD**

A plaintiff is free to pursue their patent infringement claim in any proper forum.  It is well-settled that there may be more than one proper venue for an action.  *See First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998).  "In cases with multiple defendants, venue must be proper with respect to all defendants."  *Domino's Pizza PMC v. Caribbean Rhino,* 453 F.Supp.2d 998, 1005 (E.D. Mich. 2006).  "Once an objection to venue has been raised, Plaintiff bears the burden of establishing that venue is proper."  *Id*. at 1006 (internal citation omitted).

28 U.S.C. §1400(b), which supplies the venue rule in patent infringement actions, provides that

> [a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Therefore, venue is proper:

> (1) under the first clause of §1400(b) in the judicial district where the defendant resides; or
> (2) under the second clause of §1400(b) where the defendant has committed acts of infringement *and* has a regular and established place of business.

 Although Defendants correctly argue that §1400(b) provides the venue rule in patent infringement actions, Plaintiff insists that §1400(b) is supplemented by §1391(c).  The term "resides" is provided in §1400(b) as a basis for establishing venue, but the term is not defined by the statute.  28 U.S.C. §1391(c), however, defines the term "residency" for "*all* venue purposes," and provides in pertinent part:

> (1) *a natural person*, including an alien lawfully admitted for permanent residence in the United States, *shall be deemed to reside in the judicial district in which that person is domiciled*;

5

(2) *an entity* with the capacity to sue and be sued in its common name under applicable law, *whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question* and, if a plaintiff, only in the judicial district in which it maintains its principal place of business.

§1391(c)(1)-(2) (emphasis added).   Therefore, Plaintiff is correct that the definition of "residency" in §1391(c) supplements §1400(b).   *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578-80, (Fed. Cir. 1990) (ruling that §1391(c) redefined the meaning of the term "resides" in §1400(b)).[3]

## B. ANALYSIS

### 1. Venue is Proper as to Allmark and PerforMax

Beginning with PerforMax and Allmark, the Court must determine whether either "resides" in this District, thereby satisfying the first clause of §1400(b).   Because Allmark and PerforMax are business entities, the question of "residency" under §1391(c)(2) requires this Court to determine whether each entity is subject to this Court's personal jurisdiction with respect to the civil action in question.

---

[3] At the time of the *VE Holding Corp.* decision, §1391(c) provided in part, "[f]or purposes of venue in this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction…."   The Federal Circuit reasoned that, because Congress used the "exact and classic language of incorporation: 'For purposes of venue under this chapter,'" Congress clearly intended for §1391 to supplement §1400(b), as both provisions are found in the same chapter.   917 F.2d at 1578-80.

28 U.S.C. §1391(c) was subsequently amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011.   Act of Dec. 7, 2011, Pub. L. No. 112-63, 125 Stat 758.   As amended, the definition of "residency" provided in §1391(c) expressly applies "[f]or all venue purposes," including patent infringement actions under §1400(b).   Thus, the scope of §1391(c) as amended is even broader than the previous version interpreted in *VE Holding Corp.*, and this Court's conclusion that §1391(c) supplements §1400(b) is consistent with the holding in *VE Holding Corp.* as well as the plain language of §1391(c).

Neither Allmark nor PerforMax contest this Court's exercise of personal jurisdiction in the instant matter.  Indeed, Markham was the only defendant that sought dismissal on the basis of lack of personal jurisdiction.  "[A]n objection to personal jurisdiction is waived where a defendant does not challenge the court's personal jurisdiction over him within his first responsive pleading of the plaintiff's action."  *Lantz v. Private Satellite Television, Inc.*, 865 F.Supp. 407, 409 (E.D. Mich. 1994).  In light of Allmark and PerforMax's acquiescence to this Court's exercise of personal jurisdiction, venue is proper in this district under §§1391(c)(2) and 1400(b) as to each.

### 2. Venue is Improper as to Markham

Plaintiff has not satisfied the venue requirements of §1400(b) as to Markham.  As stated above, the first clause of §1400(b) provides that venue is proper where the defendant resides.  28 U.S.C. §1391(c)(1), which supplements §1400(b), provides that a natural person "shall be deemed to reside in the judicial district in which that person is domiciled."  Markham is domiciled in the Commonwealth of Pennsylvania.  Thus, Markham does not reside in this District, and consequently this District is not a proper venue under the first clause of §1400(b).

The second clause of §1400(b) provides that venue is proper where the defendant has committed acts of infringement *and* has a regular and established place of business.  Although Plaintiff goes to great ends to allege that Markham committed acts of infringement in this District, it utterly fails to allege that Markham has a "regular and established place of business" herein.  Thus, this Court concludes that Plaintiff has also failed to demonstrate that this District is a proper venue for Markham under the second clause of §1400(b).

Plaintiff also suggests that this Court may impute its finding that venue is proper for Allmark and PerforMax to Markham by piercing the corporate veil.  "Piercing the corporate veil

7

is appropriate in order to establish venue under the patent venue statutes." *See Minn. Mining &*
*Mfg. Co. v. Eco. Chem. Inc.*, 757 F.2d 1256, 1265 (Fed. Cir. 1985).  Plaintiff must then establish
that Markham's relationship with Allmark and PerforMax justifies piercing the corporate veil.
But Plaintiff's Response fails to provide legal authority for this Court to apply in determining
whether to disregard the corporate entity.[4]  Regardless of which jurisdiction's law applies, there
is a presumption against piercing the corporate veil, and this Court will not pierce the veil unless
the moving party provides the appropriate standard for disregarding the corporate entity and
applies that standard to the facts at hand.  *See Minn. Min. & Mfg., Co.*, 757 F.2d at 1264 ("The
corporate form is not readily brushed aside."); *Florence Cement Co. v. Vettraino*, 229 Mich.App.
461, 468-69 (2011) (providing the specific legal standards for piercing the corporate veil of a
limited liability company); *State of New Jersey v. Ventron Corp.*, 94 N.J. 473, 500-01 (1983)
(outlining the stringent standards for piercing the corporate veil in New Jersey);  *Village at
Camelback Property Owners Assn. Inc. v. Carr*, 371 Pa.Super. 452, 461 (1988) ("Piercing the
corporate veil is admittedly an extraordinary remedy preserved for cases involving exceptional
circumstances.").

       Plaintiff's reliance on *Minnesota Mining* for the proposition that this Court may pierce
the corporate veil to establish venue is misplaced.  The Plaintiffs in *Minnesota Mining*
established that the co-Defendants were alter egos of the Defendant *before* piercing the veil to
establish personal jurisdiction and venue.  *See Minn. Min. & Mfg., Co.*, 757 F.2d at 1261 ("The
[District Court] concluded that [co-Defendants] were transferees or alter egos of [Defendant] and
accordingly the court had subject matter and *in personem* jurisdiction over them.").  Plaintiff

---

[4] For example, it is unclear whether this Court must apply Michigan law, the law of the
respective states of incorporation of Allmark and PerforMax, or the law of the Federal Circuit,
which governs in patent-specific contexts.  *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
21 F.3d 1558, 1564-65 (Fed. Cir. 1994).

skipped that step in the instant matter.  Instead, Plaintiff's pleadings merely imply that Markham

controls the entities, but otherwise lack any meaningful legal analysis pertaining to piercing the

corporate veil and utilizing the "alter ego" theory for venue purposes.  Consequently, this Court

is unable to complete the proper analysis required to pierce the corporate veil.  Accordingly, the

Court concludes that Plaintiff has failed to demonstrate that venue is proper in this District as to

Markham.

### 3. Remedy

The Court finds that Plaintiff has not met its burden of showing that venue is proper in

this District under §1400(b).  Although Plaintiff demonstrated that venue is proper as to Allmark

and PerforMax, it has failed to demonstrate that venue is proper as to Markham, and venue must

be proper with respect to *all* Defendants.  *Domino's Pizza PMC*, 453 F.Supp.2d at 1005.  28

U.S.C. §1406 authorizes the Court to remedy defects of venue:

> The district court of a district in which is filed a case laying venue in the wrong
> division or district shall dismiss, or if it be in the interest of justice, transfer such
> case to any district or division in which it could have been brought.

§1406(a).  Having determined that this District is not a proper venue for Markham, the Court has

three options:

> (1) dismiss the action under §1406(a);
> (2) transfer the entire case under §1406(a) to another district where venue is
> proper for all Defendants; or
> (3) sever the claims in this case, retain jurisdiction over the Defendants for whom
> venue is proper, and transfer the other claims.

*See Overland v. Taylor*, 79 F.Supp.2d 809, 813 (E.D. Mich. 2000); *see also Cottman*

*Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 296 (3rd Cir. 1994).  The decision of

whether to dismiss a case or transfer it to a district where venue is proper lies within the court's

discretion.  *First of Michigan Corp.,* 141 F.3d. at 262 (6th Cir. 1998).  Generally, the "interest of justice" requires courts to transfer cases to the appropriate judicial district, rather than to dismiss them.  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("Congress, by the enactment of §1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by. . . 'time consuming and justice-defeating technicalities.'").  Indeed, §1406(a) "does not refer to "'wrong' venue, but rather to venue laid in a 'wrong division or district,'" and therefore the Sixth Circuit has recognized "that a district is 'wrong' within the meaning of §1406 whenever there exists an 'obstacle to an expeditious and orderly adjudication on the merits.'"  *Taylor v. Love*, 415 F.2d 1118, 1120 (6th Cir. 1969).

Severing the claims in this case would not be proper.  "When the conduct of a co-defendant as to whom venue is proper is central to the issues raised by the plaintiff against those subject to transfer, the grant of a severance would not ordinarily be consistent with the sound exercise of discretion."  *See Cottman*, 36 F.3d at 296.  *See also IA Inc., v. Thermacell Tech., Inc.*, 983 F.Supp. 697, 703 (E.D. Mich. 1997).  Plaintiff's two-count complaint alleges (I) patent infringement and (II) unfair competition.  As for Count I, Plaintiff alleges that Defendants combined to violate subsections (a) and (b) of 35 U.S.C. §271.  35 U.S.C. §271(a) provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention . . . infringes the patent."  35 U.S.C. §271(b), on the other hand, provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer."  Specific to §271(b), Plaintiff claims that Markham induced infringement by Allmark and PerforMax.  Consequently, Plaintiff's inducement claim under §271(b) is dependent upon Markham being a party to the suit, and thus cannot be maintained without him.  Similarly, the unfair competition claim in Count II

10

is also focused on Markham, making it equally untenable without Markham's presence in the suit. Given the intertwined relationship of the Defendants and its relevance to Plaintiff's claims, transferring the entire case to a proper venue would further the goal of deciding the case on its merits rather than on procedural grounds. *See Goldlawr*, 369 U.S. at 466-67.

The Court finds that, in the interest of justice, the matter should be transferred to the Eastern District of Pennsylvania. In *Milliken v. Meyer*, the United States Supreme Court recognized that a state has jurisdiction over those domiciled within its borders. 311 U.S. 457, 463–64 (1940) ("The state which accords him privileges and affords protection to him and his property by virtue of his domicile may also exact reciprocal duties. . . . One such incidence of domicile is amenability to suit within the state."). Federal Rule of Civil Procedure 4(k)(1)(A) states that personal jurisdiction exists over any properly-served defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Fed. R. Civ. P. 4(k)(1)(A).

The law of the transferee forum applies when a case is transferred under §1406(a). *Martin v. Stokes*, 623 F.2d 469, 473 (6th Cir. 1980). Under Pennsylvania law, an individual domiciled in Pennsylvania is subject to the personal jurisdiction of that state. 42 Pa.C.S.A. §5301(a)(1)(ii). Markham concedes that he is "a citizen and domicile of the Commonwealth of Pennsylvania." Dkt. # 14, Ex. 1, p. # 1, ¶ 2. As for unincorporated business entities such as Allmark and PerforMax, Pennsylvania law provides that "[t]he carrying on of a continuous and systematic part of its general business within [the] Commonwealth" is sufficient to subject an entity to the personal jurisdiction of that state. 42 Pa.C.S.A. §5301(a)(3)(iii). Defendants concede that Allmark is headquartered in Pennsylvania. Dkt. # 14, Ex. 1, p. # 2, ¶ 8. An unincorporated entity formed under the laws of Pennsylvania is also subject to personal

11

jurisdiction in that state.  42 Pa.C.S.A. §5301(a)(3)(i).  Defendants concede that PerforMax is a Pennsylvania limited liability company.  Dkt. # 14, Ex. 1, p. # 2, ¶ 9.  Accordingly, the Eastern District of Pennsylvania has jurisdiction over all three Defendants.

Venue is also proper in the Eastern District of Pennsylvania as to each of the Defendants. Having established that Allmark and PerforMax are subject to personal jurisdiction in that forum, they are residents of that District under §1391(c)(2), and venue is therefore proper under §1400(b).  Similarly, Markham concedes that he is domiciled in Pennsylvania, thus residing there for the purpose of §1391(c)(1) and making venue proper under §1400(b).

In addition to having personal jurisdiction and being a proper venue as to each Defendant, a transfer to the Eastern District of Pennsylvania is consistent with the interest of justice.  Dismissal of the case or severing the claims against Markham would require that Plaintiff re-commence an action against Markham in a proper forum, creating duplicative litigation contrary to the interests of judicial economy.  Moreover, Plaintiff neither disputes that venue would be proper in Pennsylvania, nor has it offered *any* reason for not transferring the case under §1406(a).  Each Defendant and the facilities and materials used to make the allegedly infringed doors are found in Pennsylvania.  Defendants sell the doors in Pennsylvania. Moreover, Y & S Candies, Inc.—an entity Plaintiff claims was sold infringed doors by Defendants—is found in Pennsylvania.  Therefore, because the relevant activities and contacts appear predominantly in the Eastern District of Pennsylvania, the Court concludes that it is in the interest of justice that the matter be heard in that forum.  *See Flynn v. Greg Anthony Const. Co., Inc.*, 95 Fed.Appx. 726, 239 (6th Cir. 2003).

Accordingly, the entire action shall be transferred pursuant to §1406(a) to the United States District Court for the Eastern District of Pennsylvania.  Because the Court has elected to

transfer this case on the basis of improper venue, we need not address Defendant-Markham's

Motion to Dismiss for Lack of Personal Jurisdiction.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, having considered Defendants' Motion

to Dismiss for Improper Venue [dkt. 12], it is HEREBY ORDERED that the entire present action

be TRANSFERRED to the United States District Court for the Eastern District of Pennsylvania

pursuant to 28 U.S.C. §1406(a).   Additionally, Defendant-Markham's Motion to Dismiss for

Lack of Personal Jurisdiction [dkt. 13] is DENIED as moot.

IT IS SO ORDERED.

Date:  June 17, 2014                                          s/Lawrence P. Zatkoff
                                                             HON. LAWRENCE P. ZATKOFF
                                                             U.S. DISTRICT COURT JUDGE